AO 440 (Rev. 12/09) Summons in a Civil Action

## UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| NATISHA SESSOMS ET. AL. | )<br>)<br>) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 15 CV 03368 |
| THE CITY OF NEW YORK ET. AL. | )<br>) JUDGE PAULEY |
| *Defendant* | ) |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   THE CITY OF NEW YORK- 100 CHURCH STREET, NY,NY, 10018; P.O. SHROPSHIRE, P.O. VILLA, P.O.ERIK EASTERBOOK, P.O. WARREN DRUMMOND, P.O. ANDRA IANCU, P.O. GAYLE-C/O 32ND PCT., 250 WEST 135TH STREET, NEW YORK, NEW YORK 10030

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   ROYCE RUSSELL, LLP, 499 SEVENTH AVENUE, FLOOR 12N, NEW YORK, NEW YORK 10018

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK
CLERK OF COURT

Date: APR 30 2015

*Signature of Clerk or Deputy Clerk*

JUDGE PAULEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

15 CV 03368

------------------------------------------------------------X
NATISHA SESSOMS, NAIMAH AND TAURETJALIA
SESSOMS MINORS, BY THEIR PARENT AND NATURAL
GUARDIAN NATISHA SESSOMS

                          Plaintiffs,

   -against-

THE CITY OF NEW YORK, THE NEW YORK POLICE
DEPARTMENT, POLICE OFFICER ENDORA SHROPSHIRE.,
SHIELD #9100399 INDIVIDUALLY AND AS A POLICE
OFFICER, POLICE OFFICER VILLA, SHIELD #01068
INDIVIDUALLY AND AS A POLICE OFFICER, POLICE
OFFICER ERIK EASTERBOOK, SHIELD # 00217
INDIVIDUALLY AND AS A POLICE OFFICER, POLICE
OFFICER WARREN DRUMMOND, SHIELD # 13408
INDIVIDUALLY AND AS A POLICE OFFICER AND POLICE
OFFICER ANDRA IANCU, AUXILIARY POLICE OFFICER
INDIVIDUALLY AND AS A POLICE OFFICER, P.O. GAYLE
BELIEVED TO BE FROM THE 32ND PCT., INDIVIDUALLY
AND AS A POLICE OFFICER AND JOE DOE, SUED IN
FICTICIOUS CAPACITIES AS HIS IDENTITY IS UNKNOWN,
INDIVIDUALLY AND AS A POLICE OFFICER,
                         Defendants.
------------------------------------------------------------X

**VERIFIED COMPLAINT**

Docket No.:

Jury Trial Demanded

[RECEIVED stamp: APR 30 2015 U.S.D.C. S.D.N.Y. CASHIERS]

      Plaintiffs, Natisha Sessoms and Naimah and Tauretjalia Sessoms minors by their Parent and Natural Guardian Natisha Sessoms, by their attorneys, Emdin & Russell, LLP complaining of the defendants, respectfully alleges as follows:

### PRELIMINARY STATEMENT

   1) Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§1981, 1983 and 1988 for violations of their civil rights, as said rights are secured by said statues and the Constitution of the State of New York and the United States.

## JURISDICTION

2) This action is brought pursuant to 42 U.S.C. §§1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3) Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4) Venue is properly laid in the Southern District of New York under 28 U.S.C. § 1391 (b), in that this is the district in which the claim arose.

## JURY TRIAL DEMANDED

5) Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P.38 (b).

## PARTIES

6) Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms are all African American females currently residing at 53 Milford Avenue, Apt. 15, Newark, NJ 07108 and at the time of this incident resided at 141 West 144th Street, Apt 501, New York, New York 10030 in New York County, New York.

7) Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8) Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9) That at all times hereinafter mentioned, the individually named Defendants Police Officers Shropshire, Villa, Easterbrook, Drummond, Gayle, Auxiliary Police Officer Iancu and Joe Doe were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10) That at all times hereinafter mentioned the Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statues, customs, usages and/or practices of the State of New York and/or the City of New York.

11) Each and all of the acts of the Defendants alleged herein were done by Defendants while acting within the scope of their employment by Defendant CITY OF NEW YORK.

## FACTS

12) On January 14, 2014, Ms. Natisha Sessoms was returning from Harlem Hospital with her new born son and daughters, Naimah and Tauretjalia.

13) Ms. Sessoms and her family lawfully entered the train station located at 135th Street and Lenox Avenue- Transit Bureau 3, within the County of New York, State of New York at approximately 8:00 p.m. by paying their fare via metro card.

14) Ms. Sessoms entered the train station by way of turn-style and opened the gate to let her new born onto the platform.

15) Said new born was in a stroller.

16) Defendants, Shropshire approached Ms. Sessoms and stated she "jumped the turn-style" and did not pay her fare.

17) Ms. Sessoms advised Shropshire that she did in fact paid her fare and requested Shropshire to consult a bystander within feet of them, to verify payment, Shropshire refused.

18) Ms. Sessoms requested that Shropshire verify payment by swiping the card again or going to the downtown side of the platform to have a transit clerk verify the metro-card usage.

19) Shropshire refused the above request. Ms. Brodie, a witness to the entire interaction

between Ms. Sessoms and Shropshire, and informed Shropshire that Ms. Sessoms and family paid their fare.

20) Shropshire ignored this information. Ms. Sessoms begged Villa, a female officer to intervene and Villa stated "the arrest was none of her business and she had nothing to do with it."

21) Villa failed to intervene and/or uphold her duty to investigate. Shropshire and Villa failed their duty to investigate.

22) On the platform were other named Defendants, Easterbrook, Drummond, Iancu and eventually Gayle; no one intervened or mitigated the matter before, during or after the Sessoms were detained and/or Ms. Sessoms arrested.

23) As people informed Shropshire and Villa as well as the other officers present, that Ms. Sessoms and family paid their fare, back-up units were radioed to the location -135th and Lenox Train Station.

24) Ms. Sessoms was then tripped by way of a leg whip for which she fell to the concrete train platform whereupon; her mouth was pressed against the train platform concrete.

25) Ms. Sessoms' daughter, Naimah was struck in the nose, and her sister Tauretjalia, were threatened to be taken to Administration of Child Services because they repeatedly stated that they paid their fare.

26) Naimah and Tauretjalia stood inches from their mother, Natisha Sessoms, thus within the zone of danger observing their mother being kicked several times about the body as she laid on the train platform.

27) Ms. Sessoms was kicked in her back and ribs several times by the named Defendants.

28) Naimah and Tauretjalia, were also falsely detained, and observed the following:

- Ms. Sessoms' false detention, assault, battery and imprisonment;
- Ms. Sessoms being leg whipped to the train platform concrete and handcuffed;

- Ms. Sessoms being kicked about her body;
- Named defendants' requested failure to investigate that the Plaintiffs actually paid their fare;
- Named defendants' failure to intervene;
- Named defendants' threatening both Naimah and Tauretjaliaas well as their mother, Ms. Sessoms.

29) Naimah and Tauretjalia were detained inches from their mother. Naimah was detained while crying with a bloody nose. Tauretjalia was crying as she was detained. Both Naimah and Tauretjalia were in fear of their mother's safety and their safety.

30) Naimah and Tauretjalia were in the zone of danger of their mother's battery, assault, false detention and false arrest.

31) Not withstanding the fact, Ms. Sessoms had offered a valid explanation for her conduct, the Defendants did not investigate. Ms. Sessoms was unlawfully detained, handcuffed and falsely arrested and transported to a police station.

32) Naimah, 14 years of age and Tauretjalia, 7 years of age, were left at the train station in the care of strangers who vowed to wait at the train station until a guardian could be located.

33) Ms. Sessoms was falsely arrested and transported to Transit Precinct Bureau 3 whereupon she was processed, in that she was fingerprinted, photographed, illegally searched, handcuffed, detained and falsely imprisoned for approximately five, (5), hours before presented before a Criminal Court Judge and released on her own recognizance. Ms. Sessoms was not given a Summons or Desk Appearance Ticket at the precinct but rather processed, extending the time period of her false detention, arrest and imprisonment. The processing of Ms. Sessoms was malicious and punitive in nature.

34) Ms. Sessoms was forced to return to Court for which her case was dismissed.

35) As a result of the Defendants' conduct, Ms. Sessoms suffered injuries to her back, ribs and contracted a respiratory infection. Ms. Sessoms also suffered psychological injuries due to

said misconduct. Naimah suffered a bloody nose as well as psychological injuries as a result of the Defendants' misconduct. Tauretjalia suffered psychological injuries as a result of the Defendants' misconduct.

36) All the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate, screening, hiring, retaining, training and supervising of its' employees, deliberate indifference as to punishment for misconduct and due to discrimination against Ms. Sessoms and family because of their race and/or nationality.

37) As a result of the foregoing, the Sessoms' family sustained, inter alia, physical injuries, emotional distress, embarrassment, humiliation and deprivation of their Constitutional Rights.

## **FEDERAL CLAIMS**

### AS AND FOR A FIRST CAUSE OF ACTION
(Deprivation of Rights Under 42 U.S.C. §§1981 and 1983)
EXCESSIVE FORCE

38) Plaintiffs repeat, reinstates, and realleges each and every allegation contained in paragraphs "1" through "37" with the same force and effect as if fully set forth herein.

39) All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

40) All of the aforementioned acts deprived Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms, a member of a racial minority, of the rights, privileges and immunities guaranteed to citizens of the United states by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §§1981 and 1983.

41) The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto, and with the intent to discriminate on the basis of race.

42) The Defendants herein battered, assaulted and used excessive force against the Plaintiffs

more specifically Natisha and Naimah Sessoms, who were physically attacked as related previously.

43) Defendants used excessive force, battered and assaulted Ms. Sessoms by leg whipping her, causing her to fall to the train station platform, kicking her about the body, forcibly pressing her face against the infected dirty train station platform among other unnecessary force used.

44) Defendants used excessive force, battered and assaulted Naimah Sessoms by striking her in the face, in particularly the nose, causing her to bleed, despite Naimah Sessoms posing no physical threat to any of the Defendants.

45) The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

46) Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

47) As a result of the foregoing, Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms, are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individuals in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

**AS AND FOR A SECOND CAUSE OF ACTION**
(False Detention/ False Arrest/ Unlawful Imprisonment under 42 U.S.C. § 1983)

48) Plaintiffs repeat, reinstates, and realleges each and every allegation contained in paragraphs "1" through "47" with the same force and effect as if fully set forth herein.

49) Defendants did falsely detain the Plaintiffs, Natisha, Naimah, and Tauretjalia Sessoms, and falsely arrested and imprisoned Plaintiff, Ms. Natisha Sessoms without Probable Cause, causing them to be detained against their will for an extended period of time and subjected to

physical restraint.

50) Defendants false arrest and processing of Ms. Sessoms was without Probable Cause and malicious in nature.

51) As a result of the foregoing, Plaintiffs, Natisha, Naimah, and Tauretjalia Sessoms, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
(Malicious Prosecution under 42 U.S.C. § 1983)

52) Plaintiffs repeat, reinstates, and realleges each and every allegation contained in paragraphs "1" through "51" with the same force and effect as if fully set forth herein.

53) Defendants initiated, commenced and continued a malicious prosecution against Plaintiff, Natisha Sessoms.

54) Defendants caused Plaintiff, Natisha Sessoms, to be prosecuted without any Probable Cause until the charges were dismissed.

55) As a result of the foregoing, Plaintiff, Natisha Sessoms, is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Malicious Abuse of Process under 42 U.S.C. § 1983)

56) Plaintiffs repeat, reinstates, and realleges each and every allegation contained in paragraphs "1" through "55" with the same force and effect as if fully set forth herein.

57) Defendants issued criminal process against Plaintiff, Natisha Sessoms, by causing her arrest and prosecution in New York County Criminal Court.

58) Defendants caused plaintiff, Natisha Sessoms, to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate end of the legal process, to wit: to cover-up their abuse of authority, and thereby violated plaintiff, Natisha Sessoms, right to be free from malicious abuse of process.

59) Defendants further abused their authority by detaining Naimah and Tauretjalia Sessoms as well as threatening to take them to Administration for Children Services, (ACS), if they did not comply with their misconduct.

60) As a result of the foregoing, Plaintiffs are entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Violation of the Equal Protection Clause under 42 U.S.C. § 1983)

61) Plaintiffs repeat, reinstates, and realleges each and every allegation contained in paragraphs "1" through "60" with the same force and effect as if fully set forth herein.

62) Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms were falsely detained and physically restrained. During this physical restraint, Natisha was leg whipped to the floor, kicked, hit about the body, head forcibly pressed to the train platform and Naimah was struck in the nose, resulting in a battery and assault.

63) The physical restraint as to all Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms were based on their national origin, and/or race and the failure to intervene to prevent such treatment committed by the named Defendants' were also based on the national origin and/or race of the Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms.

64) The battery and assault committed on Natisha and Naimah were based on their national origin and/or race but for them being African American, Natisha and Naimah would not have been physically restrained or attacked.

65) Moreover, the failure to intervene by other named officers present, as to said battery and assault was founded on Natisha, Naimah and Tauretjalia Sessoms national origin and/or race.

66) The Defendants' false detention, arrest, imprisonment, and malicious prosecution of Natisha Sessoms were based on her national origin and/or race as well as the named Defendants' failure to intervene as to this misconduct.

67) As a result of the foregoing, Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms, were deprived of their rights under the Equal Protection Clause of the United States Constitution.

68) As a result of the foregoing, Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Deprivation of Substantive Due Process under 42 U.S.C. § 1983)

69) Plaintiffs repeat, reinstates, and realleges each and every allegation contained in paragraphs "1" through "68" with the same force and effect as if fully set forth herein.

70) The Defendants conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.

71) As a result of the foregoing, Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms, were deprived of their liberty and right to substantive due process, causing emotional and physical injuries.

72) As a result of the foregoing, Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

73) Plaintiffs repeat, reinstates, and realleges each and every allegation contained in paragraphs "1" through "72" with the same force and effect as if fully set forth herein.

74) Defendants have an affirmative duty to intervene on behalf of Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms, whose constitutional rights were being violated in their presence by other officers.

75) The Defendants' failed to intervene to prevent the unlawful conduct described herein.

76) As a result of the foregoing, Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms, liberty was restricted for an extended period of time, they were put in fear of their safety, and they were humiliated and subjected to other physical restraints.

77) As a result of the foregoing, Plaintiff, Natisha Sessoms, was maliciously prosecuted, handcuffed, imprisoned and subjected to other physical restraints.

78) As a result of the foregoing, Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A EIGHTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

79) Plaintiffs repeat, reinstates, and realleges each and every allegation contained in paragraphs "1" through "78" with the same force and effect as if fully set forth herein.

80) The supervisory defendants personally caused Plaintiffs' Natisha, Naimah and Tauretjalia Sessoms constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinates employees.

81) As a result of the foregoing, Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms, are entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to

punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

82) Plaintiffs repeat, reinstates, and realleges each and every allegation contained in paragraphs "1" through "81" with the same force and effect as if fully set forth herein.

83) Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

84) The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable cause, and engaging in falsification and/or committing perjury and/or manufacturing evidence in an effort to convict such individuals. In addition, the CITY OF NEW YORK engaged in a policies such as Stop and Frisk, Broken Windows and other customs or practices which are discriminatory in its implementation and said misconduct is treated with deliberate indifference, moreover THE CITY OF NEW YORK provided inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms' rights as described herein. As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

85) The CITY OF NEW YORK deliberate indifference illustrated by the lack of disciplining officers for their misconduct behavior further embeds a culture, policies, practices, repeated misconduct which now becomes the norm as to police behavior.

86) The foregoing customs, policies, usages, practices, procedures, deliberate indifferences to discipline and rules of the CITY OF NEW YORK and the New York City Police Department

constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms.

87) The foregoing customs, policies, usages, practices, procedures, deliberate indifferences to discipline and rules of the CITY OF NEW YORK and the New York City Police Department were direct and proximate cause of the constitutional violations suffered by Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms as alleged herein.

88) The foregoing customs, policies, usages, practices, procedures, deliberate indifferences to discipline and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms as alleged herein.

89) As a result of the foregoing customs, policies, usages, practices, procedures, deliberate indifference as to discipline and rules of the CITY OF NEW YORK and the New York City Police Department, Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms were unlawfully detained, arrested, imprisoned and maliciously prosecuted.

90) Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating Plaintiffs', Natisha, Naimah and Tauretjalia Sessoms constitutional rights.

91) All of the foregoing acts by defendants deprived Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms of federally protected rights, including, but not limited to the right:

    A. Not to be deprived of liberty without due process of law;
    B. To be free from false detention, false arrest and unlawful imprisonment;
    C. To be free from the failure to intervene;
    D. To be free from malicious prosecution;
    E. To be free from malicious abuse of process; and excessive force, battery and assault;
    F. To receive equal protection under law.

92) As a result of the foregoing, Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms, are

entitled to compensatory damages in an amount to be fixed by a jury, and are further entitled to punitive damages against the individual Defendants in an amount to be fixed by a jury, plus reasonable attorney's fees, costs and disbursements of this action.

WHEREFORE, Plaintiffs, Natisha, Naimah and Tauretjalia Sessoms demand judgment and pray for the following relief jointly and severally, against defendants as follows:

1. Full and fair compensatory damages in an amount to be determined by a jury
2. Punitive damages in an amount to be determine by a jury;
3. Reasonable attorney's fees and the costs and disbursements of this action; and
4. Such other and further relief as appears just and proper.

Dated: New York, New York
April 3, 2015

Emdin & Russell, LLP.
Royce Russell, Esq.
Attorneys for Plaintiffs
499 Seventh Avenue, 12N
New York, New York 10018
(212) 683-3995

## ATTORNEY'S VERIFICATION

The undersigned, an attorney admitted to practice in the Courts of the State of New York certifies as follows:

That I am an attorney associated with the law firm of Emdin & Russell, LLP., the attorneys of record for the Plaintiffs in the within action; that I have read the foregoing Complaint and know the contents thereof; that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters, I believe them to be true.

The undersigned further states that the reason this Complaint is made by me and not by the Plaintiffs is that the Plaintiffs do not reside in the County where the undersigned maintains an office.

The grounds of my belief as to all matters stated upon my knowledge are my interviews with the Plaintiffs and a reading of the documents in my case file.

The undersigned affirms that the foregoing statements are true, under the penalty of perjury.

Dated: New York, New York
April 30, 2015

By: Royce Russell, Esq.